**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

| | |
|---|---|
| **KENNETH A. ROBERSON and JENNIFER L. ROBERSON,** | **BANKRUPTCY**<br>**CASE NO.: 8:14-bk-02222-MGW** |
| **Debtors.** | **CHAPTER 7** |

_____/

**STEPHEN L. MEININGER, as Chapter 7**
**Trustee of the estate of KENNETH A.**
**ROBERSON and JENNIFER L. ROBERSON,**

    **Plaintiff,**

                                           **ADVERSARY**
v.                             **PROCEEDING NO.: _____**

**MONITRONICS SECURITY, LP, a Delaware**
**limited partnership,**

    **Defendant.**

_____/

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND**
**TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS**

    **COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy

estate of Kenneth A. Roberson and Jennifer L. Roberson, by and through the undersigned law

firm, and sues Defendant, Monitronics Security, LP, a Delaware limited partnership, and alleges

as follows:

## PRELIMINARY STATEMENT

1.      On or about February 28, 2014 (the "Petition Date"), the Debtors, Kenneth A. Roberson and Jennifer L. Roberson, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2.      Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3.      The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 12-MISC-26, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

4.      Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Kenneth A. Roberson ("Mr. Roberson" or "Debtor") and Jennifer L. Roberson ("Mrs. Roberson," collectively with Mr. Roberson, the "Robersons" or "Debtors"). The Robersons are natural persons resident in the City of Brandon, County of Hillsborough, State of Florida, where the causes of action arose, are "consumers," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and are "persons" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

5.      Defendant, Monitronics Security, LP, a Delaware limited partnership, together with its collecting agents ("Defendant" or "Monitronics"), doing business in the State of Florida,

is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(5), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

6.    All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was harassing, oppressive, abusive, and done knowingly with intent, with malice, and without cause.

7.    The Defendant's communications set forth below were made only to exhaust the unpaying resisting Debtors' will in an attempt to break the Debtors and have Debtors pay amounts owed long after the Debtors were given all necessary information and persuasion and negotiation failed, as demonstrated by Debtors expressly communicating to the Defendant to stop calling Debtors.

8.    The Defendant's communications set forth below are wholly without excuse.

9.    At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtors.

## FACTUAL ALLEGATIONS

10.    Debtors are alleged to owe Defendant debts (the "Alleged Debt"), including without limitation, debts on Schedule F of Debtors' bankruptcy schedules bearing account number ending in 3933 in the amount of $213.97.

11.    The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on April 3, 2014.

12.     Defendant made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2013 through January 31, 2014 (the "Collection Calls") to Debtors attempting to collect the Alleged Debt.

13.     It was the substance of the testimony of the Debtors, <u>sworn</u> <u>and</u> <u>under</u> <u>oath</u> at the 341 Hearing, that:

> a) Defendant made three to four Collection Calls to Debtors' home phone and cell phone each day, every day of the week.
>
> b) Defendant made Collection Calls to Debtors' home phone and cell phone after Debtors told Defendant that Debtors could not pay the Alleged Debt.
>
> c) Defendant made Collection Calls to Debtors' home phone and cell phone after Debtors told Defendant to stop calling Debtors' home phone and cell phone.
>
> d) Debtors retained counsel, Carol M. Galloway, Esq., in January 2014 to represent Debtors regarding the Alleged Debt.
>
> e) Defendant made Collection Calls to Debtors after Debtors retained counsel, informed Defendant of retained counsel, and provided counsel's contact information.

14.     Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2013 through January 31, 2014 to Debtors attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtors' home phone and cell phone each day, every day of the week; (3) made Collection Calls to Debtors' home phone and cell phone after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors' home phone and cell phone, for a total of more than seventy Collection Calls to Debtors' cell phone, after

Debtors told Defendant to stop calling Debtors' home phone and cell phone; and (5) made Collection Calls to Debtors after Debtors retained counsel, Carol M. Galloway, Esq., in January 2014, informed Defendant of retained counsel, and provided counsel's contact information.

<u>COUNT I</u>

**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, <u>FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT MONITRONICS</u>**

15. This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq.*

16. Plaintiff realleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

17. Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

18. The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

19. Defendant communicated certain information to Debtors, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

20. Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

21. Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2013 through January 31, 2014 to Debtors attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtors' home phone and

cell phone each day, every day of the week; (3) made Collection Calls to Debtors' home phone and cell phone after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors' home phone and cell phone, for a total of more than seventy Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' home phone and cell phone; and (5) made Collection Calls to Debtors after Debtors retained counsel, Carol M. Galloway, Esq., in January 2014,  informed Defendant of retained counsel, and provided counsel's contact information; all of which is a willful communication with the Debtors with such frequency that Defendant could reasonably expect such communication to harass Debtors, or which is a willful engagement by Defendant in other conduct, including violation of the TCPA, which could reasonably be expected to abuse or harass Debtors.

22.    Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

23.    Defendant violated Fla. Stat. § 559.72(9), second half, when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2013 through January 31, 2014 to Debtors attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtors' home phone and cell phone each day, every day of the week; (3) made Collection Calls to Debtors' home phone and cell phone after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors' home phone and cell phone, for a total of more than seventy Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' home phone and cell phone; and (5) made Collection Calls to Debtors after Debtors

retained counsel, Carol M. Galloway, Esq., in January 2014,  informed Defendant of retained

counsel, and provided counsel's contact information; all of which is an assertion of the existence

of the legal right to attempt to collect the Alleged Debt, including by violations of the TCPA and

by unfair and deceptive practices, which are rights Defendant knows do not exist, in violation of

the FCCPA including Fla. Stat. § 559.72(9), second half.

24.     Fla. Stat. § 559.72 (18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented
by an attorney with respect to such debt and has knowledge of, or can readily
ascertain, such attorney's name and address, unless the debtor's attorney fails to
respond within 30 days to a communication from the person, unless the debtor's
attorney consents to a direct communication with the debtor, or unless the debtor
initiates the communication.

25.     Defendant violated Fla. Stat. § 559.72(18) when Defendant ((1) made multiple

Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including

without limitation from January 1, 2013 through January 31, 2014 to Debtors attempting to

collect the Alleged Debt; and (2) made Collection Calls to Debtors after Debtors retained

counsel, Carol M. Galloway, Esq., in January 2014,  informed Defendant of retained counsel,

and provided counsel's contact information; which is a communication with Debtors by

Defendant where Defendant knew Debtors were represented by an attorney as to the Alleged

Debt and knew, or could readily ascertain, the attorney's name and address.

26.     As a result of the above violations of the FCCPA, Debtors have been damaged

including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness,

anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages,

statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

27.    Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

28.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT MONITRONICS

29.    This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq.*

30.    Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth here-in.

31.    Defendant, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtors.

32.    Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

33.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2013 through January 31, 2014 to Debtors attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtors' home phone and cell phone each day, every day of the week; (3) made Collection Calls to Debtors' home phone and cell phone after Debtors told Defendant that Debtors could not pay the Alleged Debt; and (4) made Collection Calls to Debtors' home phone and cell phone, for a total of more than seventy Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' home phone and cell phone; which is Defendant's use of an automatic telephone dialing system to make multiple Collection Calls to Debtors on Debtors' personal cell phone after Debtors told Defendant that Defendant did not have permission to call Debtors.

34.     Defendant willfully, knowingly, and intentionally made multiple Collection Calls to Debtors' personal cell phone utilizing an automatic telephone dialing system after Debtors told Defendant that Defendant did not have permission to call Debtors.

35.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

36.     As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

37.     Based upon the willful, knowing, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the

damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated:  May 7, 2015

Respectfully Submitted,

**LASH WILCOX & GRACE PL**
4950 W. Kennedy Blvd., Suite 320
Tampa, FL 33609
Phone: 813.289.3200
Facsimile: 813.289.3250

_/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee